**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:   (213) 383-7368
E-Mail:      maimons@aol.com


Attorney for Plaintiff
MARGARITA RODRIGUEZ
aka MARGARITA IZAGUIRRE-
CHAVEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA RODRIGUEZ aka MARGARITA IZAGUIRRE-CHAVEZ, <br><br> Plaintiff, <br><br> v <br><br> EDURADO RODRIGUEZ, JEAN MARCO RODRIGUEZ; TED TATRAYAN; TATRAYAN & GHARIBEN, INC.; JESUS RAMIREZ; AND DOES 1-10 INCLUSIVE, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **[VIOLATION OF 18 U.S.C. SECTION 1964 – RICO]** <br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff MARGARITA RODRIGUEZ aka MARGARITA IZAGUIRRE-CHAVEZ ("Plaintiff") hereby files the following Complaint and states and alleges as follows:

## JURISDICTION AND VENUE

1.  Jurisdiction of the federal court exists under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1964. This action which arises under the laws of the United States, and involves violations of federal law actionable under 18 U.S.C. Section 1964(c).

## PARTIES

2.  Plaintiff is an individual and a resident of Los County, California.

3.  Defendant EDUARDO RODRIGUEZ ("ER," or collectively with the the other named defendants as "Defendants") is an individual and a resident of Los County, California.

4.  Defendant JEAN MARCO RODRIGUEZ ("JMR," or collectively with the the other named defendants as "Defendants") is an individual and a resident of Los County, California.

5.  Defendant TED TATRAYAN ("TT," or collectively with the the other named defendants as "Defendants") is an individual and a resident of Los County, California.

6.  Defendant TATRAYAN & GHARIBEN, INC, ("TGINC," or collectively with the other named defendants as "Defendants") is a corporation duly formed under the laws of the State of California with a principal place of business at 327 Arden Ave.,

Suite 101, Glendale, CA 91203.

7.  Defendant JESUS RAMIREZ ("JR," or collectively with the the other named defendants as "Defendants") is an individual and a resident of Los County, California.

8.   The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiff are unknown to him at this time. Plaintiff is informed and believes and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiff sues said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

9.  Plaintiff is fifty percent (50%) shareholder of LAS DUNAS CONCRETE TRANSPORT, INC. ("LDCT"), a concrete manufacturing company that sells and transports concrete for construction, and the wife of her late husband CARLOS RODRIGUEZ ("CR") who passed away on August 3, 2024.

10. CR jointly owned LDCT as a 50% co-owner with Defendant ER since 2016. On September 20, 2024, following CR's passing, CR's 50% ownership interest and shares in LDCT were transferred to Plaintiff pursuant to a corporate resolution and unanimous shareholder approval authorizing the transfer.

11. While CR was still alive, but unable to fulfill his duties due to illness, Defendant ER assumed the role of Secretary of LDCT in addition to his existing positions as Chairman of the Board, Chief Executive Officer, and Chief Financial Officer.

12. Defendant JMR, the son of Defendant ER and nephew of Plaintiff, has been, and continues to be, an employee of LDCT.

12. At all times material herein, , TT, a principal of TGINC and a licensed certified public accountant ("CPA"), provided and continues to provide accounting and tax services to Defendant ER and LDCT. TT has had full control and access to LDCT's corporate tax information and has prepared all of LDCT's tax returns from 2016 to the present.

13. At all times material herein, LDCT has incurred obligations exceeding one million dollars to various State of California tax authorities ("State"), and refuses to pay on the obligations and resolve the obligations, falsely claiming to Plaintiff and the State that LDCT is not profitable and struggling financially.

14. At all times material herein, Defendant JR served as the bookkeeper for LDCT, responsible for managing the company's accounting records and providing them to TT for tax preparation. JR has worked for LDCT for approximately two and a half to three years.

15. The Defendants ER, TT, TGINC, and JR have also made the same representations as stated in paragraphs 15 and16 above to the California Superior Court ("Court") in a family divorce between Defendant ER and his former wife, falsely

claiming financial hardship and an inability to pay spousal support.

16. Defendant ER has provided false and fraudulent financial documentation to Plaintiff, the State of California, and the Internal Revenue Service ("IRS"). This documentation, prepared by Defendants TT, TGINC, and JR, includes but is not limited to federal and state tax returns for LDCT, and was used by ER to support his false claim that LDCT is not profitable and is struggling financially. ER, through his attorney, subsequently offered to purchase Plaintiff's 50% ownership interest in LDCT for $240,000, an amount that substantially undervalues the true value of Plaintiff's shares.

17. In taking the actions set forth in paragraphs 15-18 above, the Defendants, and each of them, have done so with the full knowledge and consent and agreement between themselves of the facts set forth above, and refused to provide the Plaintiff any financial documentation, including the federal and state tax returns and bank account statements or balance and bookkeeping records of LDCT, and the Defendant ER has refused since December of 2024 to distribute and pay the Plaintiff the sum of $15,000.00 per month that he agreed and was paying her since CR's death.

18. At all times material herein, Defendants knew that the representations and documentation provided to Plaintiff, the State, IRS, and Court were false and misleading. They failed to disclose that LDCT is highly profitable, generating over $1,000,000 in gross revenue monthly. CJB, a company owned by JMR, operates as a DBA under LDCT and is used for vehicle replacements, with all LDCT trucks registered under CJB's name. It is unknown whether CJB maintains separate bank accounts or whether any LDCT funds have been deposited into or transferred through such accounts; however, further evidence may reveal the existence of additional accounts related to LDCT operations. The Plaintiff has only been granted "view only" access to a single Chase bank account for LDCT, an access right obtained through efforts by her previous attorneys.

19. Further, the only financial information, Plaintiff has ever received are from ER, TT, TGINC, and JR, are the Profit & Loss Statements ("P&L") for LDCT. Plaintiff has requested three years of the P &L and only received a few months' worth.

20. The Defendant ER paid Plaintiff $10,000 monthly from September 2024 to January 2024, then ER stopped paying her, stating to her that LDCT was in very critical financial condition — and ER's counsel has stated the same to Plaintiff, and Plaintiff has not received any monies after January 2024.

21. There is a Bank of America account ending in 8402 under the name of LDCT by the Defendant ER does not allow Plaintiff access to such account and Plaintiff does not know its current activity.

22. At all times material herein, the Defendant ER has sent funds of LDCT to Peru to a third-party individual at $3,000.00 monthly, totaling $61,500.

23. When Plaintiff learned of the fact stated in paragraph 22 above, Plaintiff sent the Defendant ER an email about it, and the transactions stated in paragraph 22 above stopped.

24. The Defendant ER stated that the Defendant TT had approved transactions stated in paragraph 22 above, along with himself, and that this was how the Defendant JR was receiving his salary.

25. In taking the actions set forth in paragraphs 15–24 above, the Defendants, and each of them, acted with full knowledge, consent, and agreement among themselves regarding the facts stated.

26. Based, on the foregoing, Plaintiff alleges the following claims for relief.

# FIRST CLAIM OF RELIEF

## (Violation of 18 U.S.C. Section 1964(c) Against All Defendants)

27.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-26 above.

28.   The actions of the Defendants, and each of them, constitutes a federal crime under 18 U.S.C. Section 1341, U.S. mail fraud, and preparing and filing false tax returns with the State and IRS, such state and federal crimes being actionable under 28 U.S.C. Section 1964©.

29.   Said Defendants, and each of them, agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff with the use of the instrumentalities of the U.S. mail, in violation of 18 U.S.C. Sections 1341, constituting a pattern of racketeering activity pursuant to 18 U.S.C. Sections 1961(1) and (5).

30.    Said Defendants, and each of them, have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering activity above.

31.  As a proximate result of the foregoing actions of the Defendants, and each of them, racketeering activities, and violations of 18 U.S.C. 1961 (1), (5), and 18 U.S.C. 1964©, Plaintiff has been injured in her business and according to proof at trial but not less than $20,000,000.00 against each defendant. Plaintiff is also entitled to her

reasonable attorney's fees and treble damages.

WHEREFORE, Plaintiff prays judgment against the Defendants, and

each of them, as follows:

### FIRST CLAIM FOR RELIEF

1.  For damages according to proof at trial but

    believed to be not less than $20,000,000.00;

2.  For treble damages;

3.  For attorney's fees;

### FOR ALL CLAIMS FOR RELIEF

4.  For costs of suit;

5.  For such other and further relief as the Court deems proper.

Dated: August 15, 2025          LAW OFFICES OF FRANK A. WEISER


                                By: /s/ Frank A. Weiser
                                _____
                                FRANK A. WEISER, Attorney for
                                for Plaintiff
                                MARGARITA RODRIGUEZ
                                aka MARGARITA IZAGUIRRE-
                                CHAVEZ

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a jury trial pursuant to F.R.C.P. 38.

3    Dated: August 15 2025          LAW OFFICES OF FRANK A. WEISER

4

5                      By: /s/ Frank A. Weiser

6                       FRANK A. WEISER, Attorney for
for Plaintiff

7                       MARGARITA RODRIGUEZ
aka MARGARITA IZAGUIRRE-
CHAVEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28